**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PHILLIP A. MARTINEZ, § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-3951-BF |
| CAROLYN W. COLVIN, Acting § | |
| Commissioner of Social Security, § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Phillip A. Martinez ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments, including degenerative disc disease of the back, diabetes, and neuropathy in his feet. *See* Tr. [ECF No. 14-3 at 32]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on April 16, 2013 in Dallas, Texas before ALJ Cora Williams. *Id.* [ECF No. 14-3 at 32]. Plaintiff was represented at the hearing by non-attorney, Philip Rotti. *Id.* [ECF No. 14-3 at 32, 34]. Also present at the hearing was Vocational Expert ("VE") Michael Gartman. *See id.* [ECF No. 14-3 at 32]. At the time of the April 16, 2013 hearing, Plaintiff was 40 years old. *Id.* [ECF No.14-3 at 36]. Plaintiff has past work experience as a carpenter and an upholsterer. *Id.* [ECF No. 14-3 at 40-42, 50]. Plaintiff has a high school education. *Id.* [ECF No. 14-3 at 36]. Plaintiff has not engaged in substantial gainful activity since September

1, 2009. *Id.* [ECF No. 14-3 at 36].

The ALJ proposed to the VE a hypothetical individual of the same age, education, and work history as Plaintiff. *Id.* [ECF No. 14-3 at 50]. The hypothetical individual retained the residual functional capacity ("RFC") to perform work that required the following: lifting; carrying no more than 20 pounds occasionally and 10 pounds frequently; standing; walking two hours; sitting six hours; occasional posturals; no climbing; occasional overhead bilateral reaching; and frequent bilateral handling. *Id.* [ECF No. 14-3 at 51]. The hypothetical individual was also restricted to work that allowed him to alternate between sitting and standing, either freely or at 30-minute intervals. *Id.* [ECF No. 14-3 at 51]. The hypothetical individual was further restricted to work that does not demand bending and twisting at the waist; stooping, kneeling, or crawling; or climbing ladders, ropes, or scaffolds. *Id.* [ECF No. 14-3 at 51]. The hypothetical individual was limited to work that does not require working around hazardous machinery, unprotected heights, or vibrating surfaces. *Id.* [ECF No. 14-3 at 51]. The hypothetical individual was also restricted to positions that permitted him to take three to four bathroom breaks during the day. *Id.* [ECF No. 14-3 at 51]. The VE testified that such a hypothetical individual could perform the tasks of a call-out operator, an eyeglass frame polisher, and a food and beverage order clerk. *Id.* [ECF No. 14-3 at 54-55].

On May 9, 2013, the ALJ issued a decision finding that Plaintiff has not been under a disability from September 1, 2009 through the date of her decision. *See id.* [ECF No. 14-3 at 24]. The ALJ determined that Plaintiff had the following severe impairments: type II diabetes mellitus, degenerative disc disease, stage III kidney disease, hypertension, and obesity. *See id.* [ECF No. 14-3 at 20]. The ALJ also determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR

2

Part 404, Subpart P, Appendix 1. *See id.* [ECF No. 14-3 at 20].

The ALJ found that Plaintiff had the RFC to lift up to 20 pounds occasionally, 10 pounds frequently, stand and walk 2 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday, as defined in 20 CFR 404.1567(a) and 416.967(a). *See id.* [ECF No. 14-3 at 21]. However, the ALJ determined that Plaintiff had the following restrictions: no climbing; occasional remainder of posturals; occasional bilateral reaching; frequent bilateral handling; sit/stand option at 30 minute intervals; no repetitive bending or twisting at the waist; no stooping, kneeling, or crawling; no work around hazardous machinery; no unprotected heights; no driving motor vehicles or working on vibrating surfaces; and four extra 10 minute bathroom breaks during the day. *See id.* [ECF No. 14-3 at 21].

The ALJ noted that the record indicated that Plaintiff has not been taking his medications, and that he would run out of his medication, not realizing how serious his condition was, but that he subsequently began taking his medication as prescribed. *See id.* [ECF No. 14-3 at 21]. The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible. *See id.* [ECF No. 14-3 at 22]. The ALJ noted that Plaintiff was seen at Southeast Dallas Health Center on September 3, 2009 for a follow-up visit for his diabetes and hypertension, and that he had been out of his medication for one week at that time. *See id.* [ECF No. 14-3 at 22]. The ALJ also noted that Plaintiff was seen on November 10, 2011 at Southeast Dallas Health Center with a complaint of bilateral foot pain. *See id.* [ECF No. 14-3 at 22]. The ALJ noted that on January 9, 2012, Plaintiff was seen by Dr. Mariana Yager and was diagnosed with back pain, unspecified essential hypertension, and diabetes mellitus. *See id.* [ECF No. 14-3 at

22]. The ALJ observed that case assessment forms were completed finding agreement with earlier denial determinations. *See id.* [ECF No. 14-3 at 22].

The ALJ further noted that on December 31, 2011, an MRI of Plaintiff's lumbar spine was completed, finding degenerative disc disease at L4-5 and L5-S1, narrowing the bilateral lateral recess at L5-S1, and left lateral recess at L4-51, with no neural impingement. *See id.* [ECF No. 14-3 at 22]. The ALJ observed that the record contained no evidence to establish that Plaintiff's obesity ever resulted in significant musculoskeletal, cardiovascular, or respiratory limitations. *See id.* [ECF No. 14-3 at 22]. The ALJ also noted that no treating or examining physician ever reported any cardiac abnormality with respect to Plaintiff's lung fields or pulmonary functioning, either by examination or diagnostic testing. *See id.* [ECF No. 14-3 at 22].

The ALJ concluded that after considering the entire record, Plaintiff's impairments did not prevent him from performing any type of work-related activity, and that the record supported a finding that Plaintiff was capable of performing a reduced range of light work activity. *See id.* [ECF No. 14-3 at 22]. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs existing in significant numbers in the national economy that Plaintiff could perform. *See id.* [ECF No. 14-3 at 23]. The ALJ determined that Plaintiff could perform the tasks of sedentary occupations such as that of a call out operator, an eyeglass frame polisher, and a food/beverage order clerk, as testified by the VE at Plaintiff's hearing. *See id.* [ECF No. 14-3 at 23].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 14-3 at 7]. On May 19, 2014, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 14-3 at 7]. Plaintiff subsequently filed this action in the district court on November 7, 2014. *See* Compl. [ECF No. 1].

**LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022

(5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every

6

piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff contends that the ALJ committed reversible error by failing to evaluate his mental impairment and by finding that his impairments are not of listing level. *See* Pl.'s Br. [ECF No. 17 at 1]. Plaintiff argues that, while he alleged that he has mental impairments, the ALJ made no mention of this in her decision. *See id.* [ECF No. 17 at 3]. Plaintiff contends that there are multiple references to his mental impairments in the record, including medical concerns noting his depression and anxiety, and Plaintiff's reports of feeling depressed, his inability to focus, concentrate, or complete tasks, his lack of motivation, and that he was easily frustrated. *See id.* [ECF No. 17 at 4]. Plaintiff further points out that in 2011, he was diagnosed with a mood disorder due to his medical conditions. *See id.* [ECF No. 17 at 4]. Plaintiff further argues that the ALJ made no reference to the record or offered any explanation in support of her finding that Plaintiff's impairments were not of listing level severity. *See id.* [ECF No. 17 at 6]. Plaintiff argues that the ALJ failed to explain why the requirements of Listing 1.04 for disorders of the spine were not met, and that the record supports a finding that Plaintiff's impairments met Listing 1.04 requirements. *See id.* [ECF No. 17 at 8]. Therefore, Plaintiff argues that the record does not contain substantial evidence to support the ALJ's finding that he is not disabled, and that the ALJ's finding is the result of a legal error. *See id.* [ECF No. 17 at 9].

7

The Commissioner argues in her response that, while the ALJ did not specifically mention Plaintiff's allegations of a mental impairment, the ALJ cited the opinions of the state agency medical consultants who found that Plaintiff's mental impairments were not severe and did not cause work-related limitations. *See* Def.'s Resp. [ECF No.18 at 3]. Further, the Commissioner contends that the majority of the "medical evidence" to which Plaintiff cites as evidence of his severe depression or anxiety are actually his subjective complaints on his disability application forms. *See id.* [ECF No.18 at 3]. The Commissioner also points out that while Plaintiff references his mental consultative examination conducted by Dr. Melvin Berke on December 19, 2011, at that examination, Dr. Berke noted Plaintiff's complaints of pain, depression, and anxiety, and diagnosed him with a "medical disorder due to his general medical condition" related to his back injury and pain. *See id.* [ECF No.18 at 3]. Therefore, the Commissioner argues that no treating or examining physician has diagnosed Plaintiff with depression or anxiety. *See id.* [ECF No.18 at 3].

Further, the Commissioner contends that while Plaintiff notes that state agency medical consultant, Dr. Mischa Scales completed a psychiatric review technique form and a mental RFC assessment form, based in part on Dr. Berke's December 19, 2011 mental status evaluation, Dr. Scales concluded that Plaintiff had a mental impairment of pain disorder, but never found that it was a severe impairment. *See id.* [ECF No.18 at 4]. Rather, the Commissioner points out that Dr. Scales found that Plaintiff had a mild degree of limitation in his activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation. *See id.* [ECF No.18 at 4]. The Commissioner argues that allegations of a severe impairment must be corroborated, at least in part, by objective medical evidence, which is not present here. *See id.* [ECF No.18 at 3]. The Commissioner contends that Plaintiff cites no objective medical evidence of a work-related mental

8

limitation assessed by his treating or examining physicians, and that Plaintiff failed to meet his burden of proof of demonstrating that he has a severe impairment. *See id.* [ECF No.18 at 5].

The Commissioner also argues that the ALJ's failure to discuss Listing 1.04 for disorders of the spine is a harmless error, because the record shows that the Listing is not met. *See id.* [ECF No.18 at 9]. The Commissioner points out that on January 20, 2012, state agency medical consultant Dr. Kavitha Reddy reviewed the evidence in making her RFC assessment and noted Plaintiff's low back pain, but stated that Plaintiff had no range of motion restrictions and no weakness. *See id.* [ECF No.18 at 9]. The Commissioner further points out that on May 2, 2012, Dr. Laurence Lignon affirmed Dr. Reddy's conclusions, and also that the ALJ cited Dr. Lignon's conclusions, confirming the earlier denial determinations. *See id.* [ECF No.18 at 9]. Furthermore, the Commissioner points out that subsequent physical examinations confirmed the conclusions of Dr. Reddy and Dr. Lignon, and that between January and December of 2012, physical examinations recorded no weakness, no sensory or reflex loss, and no limitations in range of motion. *See id.* [ECF No.18 at 9]. Because the medical findings, i.e., symptoms, signs, and laboratory findings, must match those corresponding to the listed impairment in order to meet such a listing, the Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff did not meet a listed impairment. *See id.* [ECF No.18 at 9-10].

Upon consideration of the record in this case, the Court finds that substantial evidence supports the ALJ's decision. While Plaintiff argues that he suffers from a disabling mental impairment, as the Commissioner points out, the record in this case does not support Plaintiff's allegation. Plaintiff's subjective complaints must be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Hous. v. Sullivan*, 895 F.2d 1012,

1016 (5th Cir. 1989)). With respect to the ALJ's failure to specifically discuss Listing 1.04, as the Commissioner also points out, the record demonstrates that Plaintiff does not meet this listing. The Court further concludes that this omission does not put into doubt the existence of substantial evidence to support the ALJ's decision, given the objective medical evidence that supports her decision. *See Wilder*, 2014 WL 2931884, at *5. As previously discussed, "[a]bsent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder*, 2014 WL 2931884, at *5. Furthermore, the Court is to give great deference to the Commissioner's determination. *See Leggett*, 67 F.3d at 564. In consideration of the foregoing, the Court finds that the ALJ's decision should not be disturbed.

## CONCLUSION

For the reasons stated above, the final decision of the Commissioner is AFFIRMED.

SO ORDERED, this 24th day of March, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE